[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] STIPULATION
LEVY, ATTORNEY FOR THE PLAINTIFF.
TOMASIEWICZ, ATTORNEY FOR THE DEFENDANT. CT Page 8679
The parties hereto hereby stipulate and agree that the following recommendation shall become an order of the Court:
The parents should share joint legal custody of the minor children with the primary residence remaining with the mother. The father should participate in: Liberal, flexible and reasonable parenting time to include the following.
1. Alternating weekends from Saturday at 10:00 a.m. to Sunday at 6:00 p. m. In addition, the father shall be permitted to pick up the minor child or children during the mid-week for breakfast prior to school.
* Additional parenting time for the father should include a two day weekend on weekends that has a Monday holiday, from Saturday 12:00 p. m. to Monday 5:00 p. m. Should the father have to report to his work sight, then the children should be returned to the mother's residence by 2:30 p. m. Monday. The father shall have additional parenting time upon request of the chiid(ren).
2. The father shall also exercise visitation with the minor children during the fifth weekend of each month from Saturday at 10:00 a.m. until Sunday at 6:00 p. m. In additional. during the Summer when school is not in session. the father's parenting time during the weekends shall be extended to Friday at 3:00 p. m. until Sunday at 6:00 p. m.
3. All mid-year school vacations should be shared by the parents.
4. Summer vacations: The parents should have one full week of uninterrupted vacation time each summer. Additional parenting time for the father during the summer should be two non-concurrent midweek days with the children each week during the evenings.
*The children's participation in sporting activities and/or desire not to participate in the parenting time should not effect the other child's ability to spend time with the father.
Holidays:
A. The parents should alternate all major holidays beginning with Christmas 1993. The father should have Christmas Eve from CT Page 8680 12:00 Noon to 9:00 p. m. The father should have Saturday, December 26, 1993 12:00 noon to Sunday 5:00 p. m. The mother should have Christmas Day. The children should have the opportunity to speak with the father/mother at a pre-arranged time on Christmas Day.
*THIS PARENTING PLAN AND TREATMENT SHOULD BE REVIEWED FOR COMPLIANCE IN SIX MONTHS BY FAMILY SERVICES. FAMILY SERVICES WILL REQUEST FROM THE COURT THE ASSIGNMENT OF AN ATTORNEY FOR THE CHILDREN IF EITHER PARENT FAILS TO FULLY COMPLY WITH ALL ASPECTS OF TREATMENT. THE PARENTS WILL BE OBLIGATED TO SIGN ALL NECESSARY AUTHORIZATIONS FORMS FOR THE RELEASE OF TREATMENT INFORMATION TO FAMILY SERVICES AND THE ATTORNEY FOR THE MINOR CHILDREN, IF APPLICABLE.
TREATMENT:
A. It is strongly recommended that the parents continue to participate in individual therapy for a length of time deemed appropriate by the clinician. The parents should also provide written permission for open communication between their respective therapists.
B. Subsequent to and/or in conjunction with the individual treatment, the parents should engage in Post-Divorce counseling specifically designed to enhance and develop communication techniques that will help the parents negotiate child related issues.
C. The children should continue to utilize the supportive services of Susan B. Anthony.
*. Both parents should encourage the children to communicate with either parent, if possible. It is strongly suggested that specific time frames be established for communication to take place since the father will most likely be at his job sight.
*. The parents are to provide forty-eight hours notice of any change in the parenting time.
Karla Michna George Michna
Steven H. Levy Patrick Tomasiewica Attorney for the Plaintiff Attorney for the Defendant
STIPULATION and/or AGREEMENT CT Page 8681
159.00 — Motion for Contempt — The Defendant shall remove the balance of the agreed upon personal property per the Court Order of 1/19/99, on 3/20/99. If the Defendant fails to comply with this order he shall be in contempt of court. If the Plaintiff acts to interfere with the Defendant's removal of the personal property, without just cause the Plaintiff shall be in contempt. The Defendant shall be accompained by a Police Officer and shall commence removal at 10 a.m. Th third party complaint between George Michna and Karen Kozlak shall be consolidated with the above action.
BY: _______________________ BY: _________________________ PLAINTIFF/PLAINTIFF'S COUNSEL DEFENDANT/DEFENDANT'S COUNSEL
REVIEWED ENDORSED BY: _________________________________ F.R.O.
 ORDER
The above STIPULATION and/or AGREEMENT having been presented to the Court, it is hereby ORDERED: GRANTED
BY THE COURT
_________________________ Judge